**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd C. Yasuda,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV 09-1541-PHX-FJM<br><br>**ORDER** |

This is an appeal from a denial of Social Security disability insurance benefits. The court has before it plaintiff's opening brief (doc. 16) and defendant's response (doc. 19). Plaintiff did not file a reply.

Plaintiff filed a claim for disability insurance benefits on October 31, 2005, alleging a disability onset of April 28, 2005. Following a hearing, the Administrative Law Judge ("ALJ") issued a decision on March 17, 2009, finding that plaintiff was not disabled and denying benefits. That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on May 27, 2009. Plaintiff now brings this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2007).

1  Substantial evidence is "such relevant evidence as a reasonable mind might accept as
2  adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Under
3  this standard, an ALJ's findings must be upheld "if supported by inferences reasonably drawn
4  from the record," even where "evidence exists to support more than one rational
5  interpretation." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004);
6  see also 42 U.S.C. § 405(g).

7       The ALJ found that plaintiff has severe bipolar disorder and anxiety disorder, as well
8  as lumbar spine degenerative disc disease that was not severe. Tr. 14. Those impairments,
9  however, did not meet, or medically equal, the impairments listed in 20 C.F.R. pt. 404, app.
10 1. Tr. 14. The ALJ noted that plaintiff only had mild restrictions in activities of daily living
11 and social functioning, moderate difficulties with regard to concentration, persistence or
12 pace, and no episodes of decomposition. Tr. 15. Furthermore, the ALJ concluded that
13 plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels,
14 with the mental capacity for simple, unskilled work, no work with the public, and only brief,
15 superficial interaction with co-workers and supervisors. Tr. 16-17. The ALJ relied on the
16 fact that plaintiff had not been hospitalized since 2003 and although he alleged episodes of
17 paranoia and depression associated with going outside or being in public, he failed to specify
18 the frequency or length of such episodes to demonstrate a continuous, debilitating effect. Tr.
19 16. The ALJ discredited plaintiff's testimony concerning the intensity, persistence, and
20 limiting effects of his symptoms to the extent they were inconsistent with his RFC
21 assessment. Tr. 17. The ALJ found it significant that plaintiff could independently leave his
22 home, attend group therapy sessions, attend AA meetings, go on trips, and volunteer. Tr. 18.
23 Finally, the ALJ concluded that although plaintiff was unable to perform any past relevant
24 work he was capable of performing jobs such as packaging, production, and inspection. Tr.
25 20. Plaintiff challenges the ALJ's credibility determination, reliance on medical experts, and
26 RFC assessment on appeal.

27
28                                **II**

1     Plaintiff first argues that the ALJ erred in discounting his subjective complaints of
2 severe impairments resulting from his anxiety-related disorders.  "Where . . . the ALJ has
3 made specific findings justifying a decision to disbelieve an allegation and those findings
4 are supported by substantial evidence in the record, our role is not to second guess that
5 decision."  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).
6     The ALJ found that plaintiff's medically determinable impairments could
7 reasonably be expected to produce the alleged symptoms, but that plaintiff's statements
8 concerning the intensity, persistence, and limiting effects of those symptoms are not
9 entirely credible to the extent alleged.  Tr. 17.  Contrary to plaintiff's allegations, the ALJ
10 correctly relied in part on plaintiff's activities of daily living ("ADLs") and made specific
11 findings to support her conclusion. See 20 C.F.R. § 404.1520a(c)(3) (4) and §
12 416.920a(c)(3)(4) (mandating that consideration be given to ADLs); see also Bunnell v.
13 Sullivan, 947 F.2d 341, 346-48 (9th Cir. 1991) (en banc).  Here, the ALJ discredited
14 plaintiff's fear of being in public based on plaintiff's: (1) counseling records which show
15 progress; (2) ability to go on trips to Disneyland and Las Vegas; (3) attendance at holiday
16 gatherings; (4) ability to maintain some personal relationships; and (5) participation in
17 AA and volunteer work at a local food bank twice a month.  Tr. 17.  Furthermore, we
18 reject plaintiff's argument that the ALJ mistakenly cited evidence not in the record in
19 support of her credibility determination.  Evidence of plaintiff helping a friend is found in
20 his counseling records. Tr. 519.  Moreover, whether plaintiff traveled to Las Vegas by car
21 or plane is insignificant.  Plaintiff's ability to travel by any means serves to discredit his
22 allegation of a completely, disabling anxiety disorder.  Accordingly, the ALJ's credibility
23 finding was a "reasonable interpretation" of the evidence and is supported by substantial
24 evidence in the record.

### III

26     Plaintiff next argues that the ALJ committed a material error by failing to include a
27 specific analysis of competing expert opinions and failing to acknowledge the correct
28 hierarchy of expert opinions.  Specifically, plaintiff claims that Priscilla Hanson's opinion

- 3 -

1 was entitled to greater weight because she is plaintiff's treating physician.  However,
2 Priscilla Hanson is a nurse practitioner, not a physician.  Tr. 18.  Accordingly, she is not
3 an acceptable medical source as defined in 20 C.F.R. § 404.1513(a), but rather an "other
4 source," defined under section (d).  Her opinion can be considered but it is not entitled to
5 as much weight as a non-examining, examining, or treating physician's opinion.  Gomez
6 v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996).  In this case, the ALJ properly accorded
7 her opinion less weight because she was the only medical expert, other than Beatriz
8 Mateus, M.D., a physician who simply reviewed Ms. Hanson's assessment, to conclude
9 that plaintiff was incapable of any work.  See Tr. 18, 396, 470 (illustrating other medical
10 opinions concluding plaintiff is capable of some work).

11       The ALJ specifically stated that she afforded greater weight to the medical
12 opinions of Charles Jay House, Ph.D. and Keith Cunningham, M.D. because they
13 physically examined plaintiff and their assessments were objective and consistent with
14 the overall record.  Tr. 17-19.  Dr. House opined that plaintiff had some moderate
15 limitations in his ability to be punctual, maintain regular attendance, work in coordination
16 or proximity with others, and complete a normal workday.  Tr. 366-75.  However, he
17 assessed only mild limitations in other areas such as adaptation, social interaction,
18 sustained concentration, persistence, understanding, memory, and carrying out
19 instructions.  Tr. 372-75.  Such findings were consistent with opinions of other state
20 agency reviewing physicians and counseling treatment notes.  See Tr. 19, 396, 470.  The
21 ALJ properly gave less weight to Dr. Mateus's opinion because she never physically
22 examined plaintiff.  Tr. 18; see Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).
23 Finally, the ALJ afforded greater weight to Dr. Cunningham's opinion of plaintiff's back
24 impairments, except to the extent he concluded plaintiff could engage in heavy lifting.
25 Tr. 18-19.  Consequently, the ALJ adequately discussed competing medical opinions and
26 justified her assessment with substantial evidence in the record.

27 **IV**
28       Finally, plaintiff argues that the ALJ erred in assessing plaintiff's RFC.  Plaintiff

- 4 -

1 claims that the ALJ failed to adequately support her conclusions and formulated her
2 hypothetical question to the vocational expert ("VE") based on an incomplete set of
3 plaintiff's limitations.
4      RFC is the maximum amount of work a plaintiff is able to perform based on all the
5 relevant evidence in the record.  20 C.F.R.§ 404.1545; SSR 96-8p.  At step five of the
6 sequential analysis the ALJ may rely on hypothetical questions to a VE to determine the
7 plaintiff's work capabilities.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).
8 An ALJ must propound a hypothetical question to a VE that is based on medical
9 assumptions supported by substantial evidence in the record that reflects all of the
10 claimant's limitations.  Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  However, an
11 ALJ may "accept or reject restrictions in a hypothetical question that are not supported by
12 substantial evidence."  Osenbrock, 240 F.3d at 1164-65 (upholding the use of a
13 hypothetical question that did not include limitations testified to only by the plaintiff).
14      At the disability hearing, the ALJ asked the VE what work a hypothetical person
15 with the plaintiff's "same age, education and work, who can understand and remember
16 detailed tasks, can persevere and concentrate on at least simple work over an extended
17 period of time, but who could never work with the public, and who is restricted to brief,
18 superficial interaction with co-workers and supervisors could do."  Tr. 72.  Based on this
19 set of limitations the VE concluded that a person could work in packaging, light
20 production, or inspection.  Id.  When the ALJ limited the hypothetical even further, to a
21 person who could never work in close proximity to others, the VE concluded that no jobs
22 would be available.  Tr. 73.  The ALJ determined that substantial evidence in the record
23 supported the first hypothetical question and therefore plaintiff could find employment in
24 packaging, light production, or inspection.  Tr. 20.  The ALJ's decision was reasonable
25 because the first hypothetical question was based on a set of limitations consistent with
26 both the medical reports of Dr. House and Dr. Fair, and evidence demonstrating plaintiff
27 is capable of some proximity to others; for example, plaintiff's ability to attend AA,
28 volunteer at a food bank, and ride the bus in off hours.  Tr. 18.  Accordingly, the ALJ's

1 assessment of plaintiff's RFC did not constitute material error.

2 Based on the foregoing, we conclude that the ALJ's determination that plaintiff is
3 not disabled, and therefore not eligible for benefits, is supported by substantial evidence
4 in the record. Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's denial
5 of benefits.

6 The clerk shall enter final judgment.

7 DATED this 17th day of September, 2010.

Frederick J. Martone
United States District Judge